Daniel FELTRIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–156–CR.

Court of Appeals of Texas, Waco.

Jan. 21, 1982.

William B. Ray, Copperas Cove, for appellant.

Bobby L. Cummings, Dist. Atty., Gatesville, for appellee.

HALL, Justice.

On November 13, 1979, appellant Daniel Feltrin was sentenced on a firearms violation to confinement in the Texas Department of Corrections for two years. On July 4, 1980, appellant and three other inmates escaped from the Gatesville Facility of the Department of Corrections where they were confined, abducted Robert Beechner and gained control of his automobile by threatening him with the use of deadly force, and then drove the automobile with Beechner in their custody from the City of Gatesville to the City of Fort Worth where Beechner was released unharmed with his car. The abduction of Beechner resulted in appellant's indictment in the present case for the offense of aggravated kidnapping, under the provisions of V.T.C.A., Penal Code § 20.-04(a)(3). Appellant was found guilty by a jury, and his punishment was assessed at 15 years confinement in the Department of Corrections. He brought this appeal.

After appellant was returned to prison following his escape, an administrative hearing by the Disciplinary Committee of the Department of Corrections resulted in the imposition of the following disciplinary punishment: Appellant was placed in solitary confinement for 15 days, his accumulated "good time" (totaling 360 days) on his two-year sentence on the firearms violation was forfeited, and he was demoted to an inmate classification that prevented further accumulation of good time on the two-year sentence.[1] It is undisputed in the record that this punishment was based upon appellant's commission of the escape and the kidnapping of Beechner.

1. This disciplinary procedure and the assessment of disciplinary punishments that include solitary confinement, loss of earned good time, and demotion in inmate class, are provided for by rules and regulations adopted by the Department of Corrections. Title 37, Texas Adminis-trative Code, § 61.41—§ 61.51. These rules and regulations were published in 5 Texas Register 4901, in January, 1980. We therefore judicially notice that they were in effect at the time pertinent to our case. Vernon's Tex. Civ.St. art. 6252–13a, sec. 4(c).

Appellant asserts in his first ground of error that under the protections provided in our state and federal constitutions against double jeopardy the imposition of the disciplinary punishment constituted a bar to this later prosecution for the kidnapping of Beechner. Appellant states in his brief that he "does not argue that the disciplinary committee of the Texas Department of Corrections is a court and that he was put in jeopardy by being *tried* twice . . . His argument, based on double jeopardy, is that he had been punished once [for the kidnapping] and to punish him again for the same offense falls under the [constitutional prohibitions]." We overrule this contention.

Our research reflects that this question has not been decided by an appellate court in Texas. However, the overwhelming majority of other jurisdictions holds that administrative discipline of a prison inmate based upon a criminal offense does not preclude prosecution for the criminal offense upon the theory that the prosecution would expose the inmate to double jeopardy. See, e.g., *United States v. Bryant*, 563 F.2d 1227, 1230 (5th cir. 1977), cert. den. 435 U.S. 972, 98 S.Ct. 1616, 56 L.Ed.2d 65 (1978); *Commonwealth v. Sneed*, 3 Mass.App. 33, 322 N.E.2d 435, 436 (1975), and the many authorities cited there; *People v. Bachman*, 50 Mich.App. 682, 213 N.W.2d 800, 801 (1973). The rule of the majority is that while the doctrine of double jeopardy protects the individual from multiple judicial punishment, it does not encompass disciplinary punishment of prison inmates like solitary confinement and forfeiture of good time. We follow the majority rule, believing it is the rule our Court of Criminal Appeals would adopt for Texas. See *Leos v. State*, 410 S.W.2d 445, 448 (Tex.Cr.App.1967); *Wood v. State*, 171 Tex.Cr.R. 307, 349 S.W.2d 605, 607 (1961).

Appellant's remaining complaints question the sufficiency of the evidence to support the conviction, and assign error to the admission of evidence over his objection. These contentions are not supported by the record, and they are overruled.

The judgment is affirmed.