Richard Allen HEYDUCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00995–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 11, 1991.

Thomas B. Preston, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Asst. Harris County Dist. Atty., for appellee.

Before SAM BASS, WILSON and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This Court is asked to decide whether a conviction for driving while intoxicated, after an earlier conviction based on speeding, violates double jeopardy. We hold it does not and we affirm.

On July 14, 1990, two troopers of the Department of Public Safety saw Richard Allen Heyduck, the appellant, speeding, stopped him, and issued him a citation for speeding. After questioning the appellant, the troopers decided he was drunk and arrested him for driving while intoxicated (DWI).

On October 8, 1990, the appellant was found guilty of speeding. On October 11, 1990, before trial on the DWI charge, the appellant presented his special plea of double jeopardy. The trial judge denied the plea and, at the conclusion of the bench trial, found the appellant guilty of the offense of driving while intoxicated and assessed punishment of 180 days, probated for one year, and a $100.00 fine.

In his sole point of error, the appellant alleges the trial court erred in not granting his special plea of double jeopardy. The appellant asserts that the DWI conviction violates double jeopardy because the State was required to prove conduct already established in trial for the speeding conviction. The appellant cites us to *Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 2094, 109 L.Ed.2d 548 (1990), where the Supreme Court held that the charges of driving while intoxicated and failing to keep to the right of the median precluded a trial for reckless manslaughter and assault stemming from the same conduct.

The *Grady* case says there are two tests to determine if a prosecution is barred by double jeopardy. 110 S.Ct. at 2090. First, we apply the test announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Id.* If, under the *Blockburger* test, the prosecution is barred by double jeopardy, we stop there. *Id.* If, however, under the *Blockburger* test, the prosecution is not barred by double jeopardy, we must then apply the second test discussed in the *Grady* case before we can decide if double jeopardy bars the prosecution. *Id.*

The appellant challenges the prosecution under both the State and federal double jeopardy provisions. U.S. CONST. amend. V.; TEX. CONST. art. I, § 14. Conceptually, the State and federal provisions are identical. *Phillips v. State*, 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990). The double jeopardy clause embodies three protections: It protects against another prosecution for the same offense after acquittal; it protects against another prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. *Grady*, 110 S.Ct. at 2090. Here, we ask if the prosecution for DWI was barred by the conviction for speeding. *Grady*, 110 S.Ct. at 2090; *Phillips*, 787 S.W.2d at 393.

### 1. The *Blockburger* test

The *Blockburger* test requires us to determine whether the offenses of speeding and DWI require proof of an element that the other does not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. If the test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, *Blockburger*

bars the later prosecution. *Grady*, 110 S.Ct. at 2090.

### a. *Not identical statutory elements*

The offenses of speeding and DWI are contained in TEX.REV.CIV.STAT.ANN. art. 6701d § 166(a) (Vernon 1977) and TEX.REV. CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1991). The courts abstracted the elements for the offense of speeding in *Leman v. State*, 807 S.W.2d 408, 410 (Tex. App.—Houston [14th Dist.] 1991, no pet.), and for DWI in *Solis v. State*, 787 S.W.2d 388, 390 (Tex.Crim.App.1990). The elements of the offense of speeding and DWI are set out below.

| Speeding: | Driving while intoxicated: |
|---|---|
| (1) a person | (1) a person |
| (2) drives | (2) drives or operates |
| (3) a vehicle | (3) a motor vehicle |
| (4) on a public highway | (4) in a public place |
| (5) at a speed greater than is reasonable and prudent under the circumstances. | (5) while intoxicated. |
| Article 6701d § 166(a). | Article 6701*l*–1(b) |

Applying *Blockburger*, each offense requires proof of an element that the other does not. Speeding requires proof of the element of speed that is greater than reasonable or prudent. Driving while intoxicated requires proof of the element of intoxication. Thus, under the first part of the *Blockburger* test, these offenses are not barred by double jeopardy.

### b. *Not lesser included offense*

The second part of the *Blockburger* test is whether one offense is a lesser included offense of the other. Article 37.09 of the Texas Code of Criminal Procedure defines a lesser included offense as one that:

(1) is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) consists of an attempt to commit the offense charged or an otherwise included offense.

Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1981). *Johnson v. State*, 773 S.W.2d 721, 724 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). By definition under article 37.-09, speeding is not lesser included offense of DWI.

Thus, under *Blockburger*, double jeopardy does not bar prosecution for DWI. As stated in *Grady*, however, that is not enough. We must now apply the second test.

### 2. The *Grady* test

The next step is to apply the *Grady* test, which requires us to determine whether the State must prove one offense as an essential element of the other offense. The double jeopardy clause bars any later prosecution in which the State must prove conduct that constitutes an offense for which the defendant has already been charged. *Grady*, 110 S.Ct. at 2093. Here, the question is whether the State was required to prove speeding as part of the DWI case. *Grady* explains:

This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding.

*Id.* at 2093.

Under the DWI charge, the State was required to prove the appellant was intoxicated while driving in a public place. A trooper testified that the appellant smelled of alcohol, was unsteady on his feet, and had difficulty finding his wallet and that his speech was slow and slightly slurred. The trooper testified that the appellant failed several standardized field sobriety tests. Under the DWI charge, the State was not required to prove that the appellant was speeding. It is possible to speed without being intoxicated, and it is possible

to drive while intoxicated without speeding. *Parrish v. State*, 807 S.W.2d 411, 412 (Tex. App.—Houston [14th Dist.] 1991, no pet.).

The offense of speeding was not an essential element of the offense of driving while intoxicated. Thus, passing both *Blockburger* and *Grady*, double jeopardy did not bar prosecution for the DWI. We overrule the appellant's sole point of error.