**Jean PRYSOCK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–90–205–CR.**

Court of Appeals of Texas, Waco.

Oct. 2, 1991.

Discretionary Review Refused Dec. 11, 1991 and Jan. 29, 1992.

W.L. "Bill" White and Elizabeth L. DeRieux, Inmate Legal Services, Texas Dept. of Criminal Justice, Huntsville, for appellant.

Herb Hancock, State Pros. Atty., B.N. (Tuck) Tucker, Jr., Asst. Prosecutor, Huntsville, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Appellant, a prison inmate infected with the AIDS virus, bit a correctional officer on the hand. The prison held an administrative disciplinary hearing and assessed her fifteen days in solitary confinement. Subsequently, Appellant was indicted in this cause for aggravated assault of a correctional officer. Appellant filed a special plea of jeopardy alleging that, because she had already been punished at the administrative hearing, a trial based on the same incident violated the double jeopardy clause of the Fifth Amendment. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14. The State stipulated that the incident underlying the indictment was the same incident Appellant was punished for at the disciplinary hearing. Appellant was convicted of aggravated assault on a correctional officer and her punishment was assessed at fifteen years in prison. *See* TEX.PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 1991). We will affirm.

 The question is whether the constitutional prohibitions against double jeopardy preclude the State from trying an inmate when she has already been punished for the same offense in an *administrative* proceeding. The answer is no. "[A]dministrative sanctions imposed by prison officials upon a prisoner following [her] apprehension in connection with the commission of a crime [are] not a bar to subsequent prosecution for the crime in a court of competent jurisdiction." *Rose v. State*, 807 S.W.2d 626, 630 (Tex.App.—Houston [14th Dist.] 1991, no pet.).

Relying on *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), Appellant argues that she has been punished twice for the same offense. *Halper* involved two *judicial* proceedings—one criminal and one civil. First, Halper was convicted under the criminal false-claims statute for submitting false claims for medical reimbursement, sentenced to two years in prison, and fined $5000. Subsequently, the government sued Halper in federal court under the civil False Claims Act seeking money damages. The court granted a summary judgment in favor of the government and awarded $16,000 in damages. The Supreme Court vacated the summary judgment, holding that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as deterrent or retribution." *Id.*, 109 S.Ct. at 1902. We do not interpret *Halper* as precluding, on double-jeopardy grounds, a prison *administrative* hearing followed by a *judicial* proceeding based on the same incident.

 Double jeopardy protects an individual from multiple *judicial* punishments. *Feltrin v. State*, 627 S.W.2d 813, 814 (Tex. App.—Waco 1982, no pet.). Disciplinary punishment by prison officials—like solitary confinement—does not fall under the ambit of the double jeopardy clause. *Id.*

We overrule Appellant's point and affirm the judgment.

CUMMINGS, J., not participating.