Willie SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00296–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 12, 1992.

Barry D. Clar, Huntsville, for appellant.

V.M. "Tuck" Tucker, Huntsville, for appellee.

Before TREVATHAN, C.J., and MIRABAL and PRICE,[1] JJ.

1. Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas, at

OPINION

TREVATHAN, Chief Justice.

This is an appeal from a conviction for aggravated assault on a correctional officer. A jury found appellant, Willie Smith, guilty and assessed punishment at 20–years confinement. In one point of error, appellant argues that his conviction is barred by double jeopardy. We disagree with appellant and affirm his conviction.

Background

While incarcerated in the Texas Department of Criminal Justice, Institutional Division, appellant assaulted a correctional officer. The TDCJ–ID held a disciplinary hearing and appellant was determined to be guilty of violating Level 1 Code 3 of the TDCJ–ID Disciplinary Code. The offense was alleged and proven as the striking of an officer. As a result, the following restrictions were placed upon appellant: (1) 15 days to be spent in solitary confinement; (2) 30 days commissary restriction; and (3) to remain line class 3. Appellant was later indicted by the Walker County grand jury for aggravated assault. After a jury trial, appellant was found guilty and assessed punishment of 20–years confinement.

Double jeopardy

■ Because he had already been punished for the offense of striking an officer by the prison authority, appellant contends that the indictment, judgment, and sentence in this cause subject him to double jeopardy under the United States and Texas Constitutions.

The question is whether the constitutional prohibitions against double jeopardy preclude the State from trying an inmate who has already been punished for the same offense in an administrative proceeding within the prison system.

■ Double jeopardy protects an individual from multiple *judicial* punishments. *Feltrin v. State,* 627 S.W.2d 813, 814 (Tex. App.—Waco 1982, no pet.). Appellant, relying on *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989),

Houston, sitting by assignment.

argues that he has been punished twice for the same offense. *Halper*, however, is distinguishable from the instant case. *Halper* involved two *judicial* proceedings—one criminal and one civil.

Administrative sanctions imposed by prison officials upon a prisoner for crimes committed within the prison do not bar subsequent prosecution for the crimes in a court of competent jurisdiction. *McKinney v. State*, 491 S.W.2d 404, 407–408 (Tex. Crim.App.1973); *Rose v. State*, 807 S.W.2d 626, 630 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Prysock v. State*, 817 S.W.2d 784, 785 (Tex.App.—Waco 1991, pet. ref'd).

Appellant's point of error is overruled.

The judgment is affirmed.