Cervantes v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-90-216-CR

        MARIO CERVANTES,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 278th District Court
Madison County, Texas
Trial Court # 8703
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          See Tex. Penal Code Ann. § 42.02 (Vernon 1989). Cervantes complains that the court
erred in convicting him of murder based on an indictment charging him with riot, in excluding
evidence of prison disciplinary records of three State's witnesses, and in overruling his motion for
a directed verdict. He also contends that section 42.02(f) of the Texas Penal Code is
unconstitutional. We will sustain point one, reform the judgment, and affirm the judgment as
reformed.
          Cervantes was involved in a racially-motivated fight which broke out in the dayroom of
the Ferguson Unit of the prison system. Approximately 120 inmates, thirty of whom were
Hispanic, were in the dayroom when the fight began. The State characterized the incident as a
race riot between Black and Hispanic inmates. The Hispanic inmates threw glass and "whirled"
locks fixed to the ends of belts. Witnesses saw and heard Cervantes speak in Spanish to the other
Hispanic inmates who then drew knives. Cervantes was identified as having stabbed a Black
inmate who later died.
          In his first point, Cervantes complains: "The court erred in convicting the Appellant of
murder on the basis of an indictment that charged him with riot." The indictment charged that
Cervantes:
did then and there knowingly and intentionally participate in an assemblage of seven or
more persons, and did then and there while so assembled and acting together create an
immediate danger of damage to property and injury to persons, and person or persons
engaged in said riot did then and there commit the offense of murder of an individual, to-wit: Donovan Ingram, and said offense was in the furtherance of the purpose of the
assembly and should have been anticipated as a result of the assembly....
The jury returned a verdict which read: "We, the jury find the defendant, Mario Cervantes, guilty
of the offense of murder during the course of a riot as charged in the indictment."
          The offense of riot carries the same classification as any offense of a higher grade
committed by anyone engaged in the riot if the higher-grade offense was in furtherance of the
purpose of the assembly or should have been anticipated as a result of the assembly. See Tex.
Penal Code Ann. § 42.02(f). Cervantes was indicted for the offense of riot for intentionally and
knowingly participating in an assemblage of seven or more persons, who while assembled and
acting together, created an immediate danger of damage to property and injury to persons. See
id. at § 42.02(a), (b). The murder was alleged only for the purpose of raising the classification
of a riot conviction to the same classification as a murder conviction. See id. § 42.02(f).
            The evidence shows that Cervantes knowingly participated in a riot as set forth in the
indictment. The evidence further shows that a murder was committed in furtherance of the riot,
which should have been anticipated as a result of the riot. In fact, Cervantes himself stabbed the
deceased in the course of the riot. We sustain point one and will reform the judgment to find
Cervantes guilty of riot as alleged in the indictment. The jury's finding of murder elevates the
classification of the riot offense to the same classification as murder for punishment purposes.
          In points two thorough four, Cervantes complains that the court erred in excluding
evidence of the prison disciplinary records of three witnesses called by the State to testify against
him. Cervantes sought to cross-examine each inmate about his prison disciplinary record. The
State objected on the grounds that, for the purposes of attacking or supporting the credibility of
a witness, Rule 608 of the Rules of Criminal Evidence does not allow cross-examination on
specific instances of conduct except for convictions as provided in Rule 609. See Tex. R. Crim.
Evid. 608. Rule 609 provides that evidence that a witness has been convicted of a crime shall be
admitted only if the crime was a felony or involved moral turpitude and the court determines that
its probative value outweighs its prejudicial effects. Id. at 609. 
       In a bill of exception, Cervantes preserved the proof that the State's witnesses had myriad
infractions on their prison disciplinary records—including sexual misconduct, riot, drug
possession, and gambling. The administrative discipline of a prison inmate does not preclude his
being prosecuted for any criminal offense involved. Feltrin v. State, 627 S.W.2d 813, 814 (Tex.
App.—Waco 1982, no pet.). The disciplinary procedure and assessment of disciplinary
punishments are provided by the rules and regulations adopted by the Department of Criminal
Justice. Id. at 813, n.1. We do not believe that these infractions are convictions which are
admissible under Rule 609. See Tex. R. Crim. Evid. 609. We overrule points two through four.
          In point five, Cervantes complains that the court erred in overruling his motion for a
directed verdict because the evidence was insufficient to show he participated in a riot. Evidence
will sustain a conviction if, viewing it in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); Geesa v.
State, 820 S.W.2d 154, 156-57 (Tex. Crim. App. 1991).
          A riot consists of the assemblage of seven or more persons resulting in conduct which
creates an immediate danger of damage to property or injury to persons. Tex. Penal Code Ann.
§ 42.02(a) (Vernon 1989). A person commits an offense if he knowingly participates in a riot. 
Id. at § 42.02(b). Paul Dalton, a sergeant with the Texas Department of Criminal Justice (TDCJ),
testified that, on the day of the riot, the Hispanic inmates were on one side of the dayroom and
the Black inmates on the other. The Hispanic inmates had attached locks to the end of their belts
and were whirling the locks above their heads. The Hispanic inmates were also throwing glass
at the Blacks who were shielding themselves with benches. Dalton said that approximately 30
Hispanic inmates were in the dayroom and that all were participating in the riot.
          Bernard Williams, a TDCJ employee, testified that the Hispanic inmates were being
aggressive towards the Black inmates—swinging belts with locks, breaking windows, throwing
glass, and wrapping their shirts around pieces of glass to use as weapons. He testified that
Cervantes was participating in the riot, but could not recall with particularity what he had been
doing. Duane Dewberry, another TDCJ employee, also testified that the Hispanics were on one
side of the room and the Blacks on the other side. He said the Hispanics were swinging locks,
breaking glass, and throwing the glass at the Blacks. Dewberry described the riot scene as a
"war" between Hispanics and Blacks.
          Inmate Paul Pounds testified that he was stabbed by another inmate as the riot broke out. 
According to Pounds, a Hispanic inmate called Dirty Dog jumped on a table and spoke in Spanish
at which time the other Hispanic inmates "came on with it." Pounds saw Cervantes stab Donovan
Ingram, the Black inmate who later died from his wounds, with a welding rod that had been filed
to a sharp point. Johnny Kemp, another inmate, saw Cervantes jump up in the dayroom and speak
to the other Hispanic inmates in Spanish—at which time the Hispanic inmates "started coming out
with their knives." Kemp also saw Cervantes stab Ingram with something that looked like a rod.
          We believe that, viewing the evidence in the light most favorable to the verdict, a rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See
Geesa, 820 S.W.2d at 156-57. We overrule point five.
          In his sixth point, Cervantes asserts that section 42.02(f) is unconstitutional. See Tex.
Penal Code Ann. §42.02(f) (Vernon 1989). Section 42.02(f) provides:
An offense under this section is an offense of the same classification as any offense of a
higher grade committed by anyone engaged in the riot if the offense was: 
(1) in the furtherance of the purpose of the assembly, or
(2) an offense which should have been anticipated as a result of the assembly.
Cervantes argues that this section provides for vicarious criminal liability in violation of the due
process clause of the Fifth Amendment of the United States Constitution and Article 1, Section 19,
of the Texas Constitution.
          Because Cervantes provides neither argument nor authority based on the alleged violation
of the Texas Constitution, we decline to address those asserted rights. See Heitman v. State, 815
S.W.2d 681, 690 n. 23 (Tex. Crim. App. 1991). Due process in vicarious criminal responsibility
under the United States Constitution was explored in Scales v. United States, 367 U.S. 203, 81
S. Ct. 1469, 6 L. Ed. 2d 782 (1961). Guilt may be imputed for the acts of another so long as the
defendant actively and knowingly participated in a group engaged in criminal conduct, intending
to contribute to the success of its illegal activities. Id., 367 U.S. at 227-28, 81 S. Ct. at 1485-86. 
The Fifth Circuit upheld the constitutionality of the Texas Anti-Riot Act in Ferguson v. Estelle,
718 F.2d 730 (5th Cir. 1983). Ferguson, who was convicted of riot by arson, challenged the riot
statute on similar due-process grounds. The Fifth Circuit held that section 42.02(f) met the
constitutional requirements of Scales because it requires a finding that a defendant acted with an
assemblage of seven or more persons, knowing that the conduct of the assemblage was creating
an immediate danger to property or persons. Id. at 736. 
          The evidence shows that Cervantes addressed his fellow Hispanic inmates in Spanish; that
there were approximately 30 such inmates; and that immediately following his speech, all of the
Hispanic inmates began attacking the Black inmates with locks swinging from belts and with
broken glass. Additionally, the evidence shows that it was Cervantes, not some other actor within
the riot, who stabbed the deceased named in the indictment.
          We find that section 42.02(f), as applied in this case, did not violate Cervantes' right to
due process under the United States Constitution. See id. We overrule point six.
          Having sustained point one, we reform the judgment to provide that Cervantes is guilty of
the offense of riot and affirm the judgment as reformed.


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reformed and affirmed
Opinion delivered and filed April 1, 1992
Do not publish