**Christopher Sean QUEVEDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00132–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 11, 1992.

Rehearing Denied July 9, 1992.

Christopher Sean Quevedo, pro se.

B.N. "Tuck" Tucker, Jr., Houston, for appellee.

Before O'CONNOR, SAM BASS and MIRABAL, JJ.

## OPINION

O'CONNOR, Justice.

A jury found the appellant, Christopher Sean Quevedo, an inmate at Texas Department of Criminal Justice, Institutional Division, guilty of the offense of possession of a deadly weapon in a penal institution. The trial judge assessed punishment at seven-years confinement. We affirm.

After a strip search, the appellant was found in possession of a sharpened metal object, called a "shank." Two employees of TDCJ testified the shank's only purpose would be to either kill or bodily harm another person.

## 1. Sufficiency of the evidence

In point of error one, the appellant argues the evidence is insufficient to support a finding that he possessed a deadly weapon.

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Brooks v. State,* 822 S.W.2d 765, 766 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The entire body of evidence is reviewed to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime, and not just a plausible explanation of the crime. *Butler,* 769 S.W.2d at 239.

The appellant contends that there is no evidence of the manner of the knife's use or intended use. The manner of use or the intended use is no longer the only standard employed to determine whether a weapon meets the statutory definition of a deadly weapon. *Thomas v. State,* 821 S.W.2d 616, 620 (Tex.Crim.App.1991). In the 1974 Penal Code, the Legislature introduced a new method of describing deadly weapons. *See* TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974); *Thomas,* 821 S.W.2d at 620. The statute reads:

§ 1.07 Definitions

(a) In this code:

   *     *     *     *     *     *

(11) "Deadly weapon" means:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or bodily injury or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Jurors are now instructed in the language of this statute. *Thomas*, 821 S.W.2d at 619. The *Thomas* case is particularly instructive because in that case the Court of Criminal Appeals dealt with the same kind of weapon, a shank. Although the court questioned whether a shank is a knife, it said,

> [A]ssuming that shanks are, by definition, knife-like objects for purposes of the criminal law, it should be clear ... that a knife qualifies as a deadly weapon, just as does any other object, whenever it is "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury[.]"

*Id.* at 620.[1]

 The *Thomas* court remanded the case to the court of appeals to review the evidence adduced at trial to determine if the shank was "manifestly designed, made, or adapted for the purpose of inflicting death or seriously bodily injury." *Id.* at 621. Here, two employees of TDC testified the shank's only purpose would be to either kill or hurt another person. We find the evidence adduced at trial supports a finding that the shank was "manifestly designed, made, or adapted for the purpose of inflicting death or seriously bodily injury." *Id.*

We overrule the appellant's point of error one.

**2. Double jeopardy**

In point of error two, the appellant argues that under the protections against double jeopardy provided by the federal and state constitutions, the administrative punishment assessed by the Texas Department of Corrections disciplinary committee constitutes a bar to his later prosecution for possession of a weapon in a penal institution. The appellant contends he has been

---

1. The record before the *Thomas* court did not disclose any evidence to the effect that a "shank" is really a kind of "knife." 821

punished once for possession of a weapon and that to punish him again for the same offense constitutes double jeopardy. We disagree.

It is well settled that administrative discipline of an inmate based upon a criminal offense does not prohibit prosecution of that same offense on a double jeopardy theory. *McKinney v. State*, 491 S.W.2d 404, 407–08 (Tex.Crim.App.1973); *Whitten v. State*, 711 S.W.2d 661, 664 (Tex. App.—Tyler 1985, no pet.); *Feltrin v. State*, 627 S.W.2d 813, 814 (Tex.App.—Waco 1982, no pet.). The doctrine of double jeopardy protects the individual from multiple judicial punishments, but does not encompass the imposition of disciplinary punishment. *Feltrin*, 627 S.W.2d at 814.

We overrule the appellant's point of error two.

S.W.2d at 620. Here, the record contains a picture that clearly represents the shank found on the appellant is a kind of knife.