**Carl MOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. A14–91–01027–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1992.

T. Kevin Golden, Sugar Land, B.N. Tucker, Jr., Huntsville, for appellant.

Tom Selleck, Houston, Herb Hancock, Huntsville, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

**J. CURTISS BROWN, Chief Justice.**

The appellant was charged with the offense of aggravated assault. After entering a plea of not guilty he was convicted and sentenced by a jury. The jury assessed punishment, enhanced under TEX. PENAL CODE ANN. § 12.42 (Vernon Supp. 1992), at confinement for fourteen years. In his sole point of error, the appellant complains he was punished twice for the same offense in violation of TEXAS CONST. art. I, § 14 and U.S. CONST. amend. V.

At the time of the offense, the appellant was serving a twenty year sentence in the Texas Department of Criminal Justice, Institutional Division. One of the prison guards, Antonio Ortiz, escorted the appellant from his cell to the showers. Following the customary procedures for escorting "status A" inmates, Ortiz handcuffed the appellant. When they reached the shower, the appellant entered the shower stall and Ortiz secured the shower door. Ortiz then reached through the bars of the shower door and removed the handcuff from the appellant's right wrist. As soon as the appellant's right hand was free, he punched

Ortiz in the forehead. With the help of another guard, Ortiz put the handcuffs back on the appellant.

The appellant was found guilty of assault at a disciplinary hearing. As punishment, he was reduced in status to a Line Class 3, restricted to his cell for fifteen days, and lost his commissary privileges for thirty days. Following the disciplinary proceedings, a grand jury indicted the appellant for aggravated assault of a prison guard. The appellant filed a special plea alleging double jeopardy which the trial court denied.

The appellant argues that his trial and conviction violated his constitutional rights since he had already been punished for the assault. We find no authority to support his position. The seminal case on the issue is *Patterson v. United States*, 183 F.2d 327, 328 (4th Cir.), *cert. denied*, 340 U.S. 893, 71 S.Ct. 200, 95 L.Ed. 647 (1950). In that case the Fourth Circuit stated that the fifth amendment does not bar a criminal prosecution arising from the same conduct that led to the imposition of disciplinary measures by prison authorities. Courts throughout the country have consistently reached the same result. *See United States v. Rising*, 867 F.2d 1255, 1259 (10th Cir.1989); *Kerns v. Parrat*, 672 F.2d 690, 692 (8th Cir.1982); *United States v. Stuckey*, 441 F.2d 1104, 1106 (3rd Cir.), *cert. denied*, 404 U.S. 841 (1971); *Gilchrest v. United States*, 427 F.2d 1132, 1133 (5th Cir.1970); *United States v. Apker*, 419 F.2d 388, 388 (9th Cir.1969). Texas courts have reached the same result. *McKinney v. State*, 491 S.W.2d 404 (Tex.Crim.App. 1973); *Whitten v. State*, 711 S.W.2d 661 (Tex.App.—Tyler 1985, no pet.); *Feltrin v. State*, 627 S.W.2d 813 (Tex.App.—Waco 1982, no pet.). In a different context, the United States Supreme Court has stated that a prison disciplinary hearing does not constitute a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974).

The appellant relies upon *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), which was decided after the cases cited above. The *Halper* decision involved a civil suit by the government under the False Claims Act, 31 U.S.C. §§ 3729–3731. The civil suit was prosecuted after the defendant had been convicted in a criminal prosecution arising out of the same facts. Based on the record from the criminal trial, the trial court granted summary judgment in favor of the government and assessed a $130,000 fine against the defendant. The defendant claimed that the civil fine amounted to a second punishment in violation of the fifth amendment. The Supreme Court held that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction might not fairly be characterized as remedial, but only as deterrent or retribution." *Id.* 109 S.Ct. at 1902.

The *Halper* decision does not apply to the case at hand. *Halper* involved a criminal prosecution followed by a civil lawsuit involving the same conduct. The present case involved administrative disciplinary sanctions followed by a criminal prosecution. We hold that prison disciplinary proceedings and punishments do not preclude, on double jeopardy grounds, a later criminal conviction arising out of the same conduct.

We affirm the conviction.