Dennis Leon GIBSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–93–00030–CR.

Court of Appeals of Texas,
Texarkana.

March 10, 1994.

Rehearing Denied May 3, 1994.

**6** 

Gary L. Waite, Paris, for appellant.

Tom Wells, County Atty. of Lamar County, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Dennis Gibson was convicted of burglary of a habitation and assessed punishment at life imprisonment. The case was tried together with a charge of aggravated robbery. The conviction in the aggravated robbery case is the subject of an appeal in this court numbered 06–93–00029–CR.

██ In this appeal, Gibson first argues that the trial court erred in refusing to give his requested charge to the jury that evidence admitted to prove one of the charges could not be used to prove the other charge. The requested charge was:

> You are instructed that the defendant stands before you charged with two separate and distinct offenses:
>
> Cause No. 13834
>
> Offense: Aggravated Robbery
>
> Cause No. 13835
>
> Offense: Burglary of a Habitation
>
> Certain evidence has been introduced by the state in each one of these cases. You are instructed that any evidence offered to prove the defendant's guilt in Cause No. 13834, if any such evidence has been offered, shall be considered only as it relates to that case and not to show the defendants (sic) guilt in Cause No. 13835, if it would. Similarly, any evidence offered to prove the defendant's guilt in Cause No. 13835, if any such evidence has been offered, shall be considered only as it relates to that case, and shall not be considered by you as evidence in Cause No. 13834.

██ When an accused is prosecuted in the same trial for two or more offenses arising out of the same criminal episode, evidence admitted to prove one offense is not, of itself, to be considered as proof of the other offense, and the jury should be instructed to that effect. *Gordon v. State,* 633 S.W.2d 872 (Tex.Crim.App. [Panel Op.] 1982). When, however, the offenses are not separate, distinct occurrences, but are intertwined in one inseparable transaction, all the evidence showing the circumstances of the transaction, the events immediately before and after the event, and the general context of the offense

are admissible and may be fully considered by the jury. Since those facts are part of the "res gestae" of the offense, they are admissible, and it is not necessary to give a limiting instruction on the use of that evidence. *ARcher v. State,* 607 S.W.2d 539 (Tex.Crim. App. [Panel Op.] 1980), *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981); *Luck v. State,* 588 S.W.2d 371 (Tex.Crim. App.1979); *King v. State,* 553 S.W.2d 105 (Tex.Crim.App.1977). That is the case here. The charged offenses were part of the same immediate, inseparable transaction, and the evidence showing the context of the offense was properly considered. Thus, a limiting instruction was not necessary.

■ Gibson also contends that it was error to allow evidence of a conviction used for enhancement at the punishment stage of the trial because the name of the complainant alleged in the enhancement paragraph of the indictment was "Cutshall," but was "Cutschall" in the stipulation proving the prior conviction. Gibson also contends that his counsel was ineffective because he failed to object to the variance in the names.

There is no error. Gibson pleaded true to the enhancement paragraph, so proof of the conviction was unnecessary. *Harvey v. State,* 611 S.W.2d 108 (Tex.Crim.App.), *cert. denied,* 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981), and cases there cited. Moreover, the names obviously fell within the rule of *idem sonans,* thereby avoiding any variance. As there was no error, Gibson's counsel was not ineffective for failing to object.

■ Finally, Gibson argues that trying him for the two offenses together in one trial violated the double jeopardy prohibition of TEX. CONST. art. I, § 14. This argument is without merit. U.S. CONST. amend. V permits the trial in one case of two offenses arising out of the same transaction. *Rice v. State,* 861 S.W.2d 925 (Tex.Crim.App.1993). The Texas double jeopardy provision is interpreted as affording essentially the same type and level of protection as its federal counterpart. *Phillips v. State,* 787 S.W.2d 391 (Tex. Crim.App.1990); *Wiggins v. State,* 816 S.W.2d 472 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *State v. Marshall,* 814 S.W.2d 789 (Tex.App.—Dallas 1991, pet. ref'd).

For the reasons stated, the judgment of the trial court is affirmed.