**Daniel J. GARRITY, Petitioner,**

v.

**Patrick FIEDLER, Respondent.**

No. 92–C–0939.

United States District Court,
E.D. Wisconsin.

May 13, 1994.

---

5. H.R. 4086, 100th Cong., 2d Sess. (1988).

Steve Weiss, Asst. State Public Defender, Public Defender's Office, Madison, WI, for plaintiff.

Mary V. Bowman, Office of the Atty. Gen., Madison, WI, for defendant.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on Daniel J. Garrity's ("Garrity") petition for a writ of habeas corpus. For the following reasons, the petition is denied.

## FACTS

The facts are few and undisputed. On August 2, 1988, Garrity was convicted of armed robbery and sentenced to 9 years in the state penitentiary. While in prison, Garrity was caught passing a note to a visitor in violation of prison rules. The note also solicited the commission of a burglary, which is a felony. A prison conduct report was filed and prison officials conducted an admin- istrative disciplinary hearing. As a result of the hearing, Garrity received 6 days in segre- gation and 180 days in program segregation. Under Wisconsin law, the segregation orders had the effect of extending Garrity's manda- tory release date by 3 months. In addition, Garrity was charged in state court for solici- tation to commit burglary. Garrity pled guilty to the solicitation charge and was sen- tenced to 3 additional years in prison. Garri- ty's petition attacks this second conviction on double jeopardy grounds. He argues that the administrative segregation orders fol- lowed by the 3–year felony sentence consti- tute multiple punishments for the same of- fense.

## LAW

The 5th Amendment's prohibition against double jeopardy "protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after convic- tion; and multiple punishments for the same offense." *U.S. v. Halper,* 490 U.S. 435, 439, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The third protection is at issue here. Until recently, there could be little question that the 5th Amendment "does not bar a criminal prosecution arising from the same conduct that led to the imposition of disciplinary mea- sures by prison authorities." *See, Mott v. Texas,* 846 S.W.2d 398, 399 (Tex.Ct.App. 1992); *see also, U.S. v. Rising,* 867 F.2d 1255, 1259 (10th Cir.1989) and cases cited therein; *State v. Fonder,* 162 Wis.2d 591, 596–97, 469 N.W.2d 922 (Ct.App.1991) and cases cited therein. Wisconsin courts have been particularly vocal on the issue, consis- tently holding that prison disciplinary mea- sures do not constitute "punishment"—for double jeopardy purposes—because their "primary" purpose is not punitive. *See gen- erally, State v. Killebrew,* 115 Wis.2d 243, 340 N.W.2d 470 (1983); *State v. Fonder,* 162 Wis.2d 591, 469 N.W.2d 922 (Ct.App.1991); *State v. Quiroz,* 149 Wis.2d 691, 439 N.W.2d 621 (Ct.App.1989).

Garrity argues that this firmly established line of precedent has been implicitly over- ruled by the U.S. Supreme Court's decision in *U.S. v. Halper,* 490 U.S. 435, 109 S.Ct.

1892, 104 L.Ed.2d 487 (1989), and more specifically, dicta from that opinion. *Halper,* which was not a prison discipline case, involved a medical service manager who filed a substantial number of fraudulent Medicare reimbursement claims. He was first convicted under the criminal false-claims act and sentenced to 2 years in prison. The Government then brought an action under the civil false-claims act, seeking a civil penalty and damages. Although the fraud at issue resulted in overpayments totalling only $585.00, the Government sought civil damages in the amount of $130,000.00. The district court ruled that the discrepancy between the overpayments at issue and the damages sought was so large that it exceeded what was reasonably necessary to compensate the Government and therefore constituted a second "punishment" for the same offense. The Supreme Court in upholding this decision suggested, in dicta relied upon by Garrity, that if a civil penalty serves *any* punitive purpose, *i.e.,* deterrence or retribution, in addition to other non-punitive purposes, the sanction is considered a "punishment" for double jeopardy purposes:

> These goals are familiar. We have held in other contexts that punishment serves the twin aims of retribution and deterrence. Furthermore, "[r]etribution and deterrence are not legitimate nonpunitive governmental objectives." From these premises, it follows that a civil sanction that cannot fairly be said *solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes,* is punishment, as we have come to understand the term.

*Halper,* 490 U.S. at 448, 109 S.Ct. at 1902. (Citations omitted; emphasis supplied.) The very next sentence, however, which constitutes the central holding of the decision, states that a civil sanction is "punishment" only if it serves no purpose other than deterrence or retribution:

> We therefore hold that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction *may not fairly be characterized as remedial, but only as a deterrent or retribution.*

*Id.* (Emphasis supplied.)

The clear distinction between the two quotes highlights why Garrity asks the Court to accept the former over the latter. While the Wisconsin Supreme Court has held that the primary purpose of prison disciplinary rules and sanctions is to maintain order and rehabilitate the prisoner, both non-punitive in nature, *Killebrew,* 115 Wis.2d at 254–56, 340 N.W.2d 470 (a conclusion which this Court adopts), no one disputes that the disciplinary rules are also directed towards the "[p]unishment of inmates" and the "[d]eterrence of misbehavior", aims which are punitive in nature. *Id.,* at 254, 340 N.W.2d 470. Thus, if a civil sanction must be, as the dicta in *Halper* suggests, "solely" remedial to escape double jeopardy scrutiny, Garrity has a valid objection. If a civil sanction must be "solely" punitive to be subject to double jeopardy scrutiny, Garrity's objection fails. In construing *Halper,* the Court must be bound by the core holding of the case that a civil sanction, to qualify as punishment, must operate "only as a deterrent or retribution", without any remedial elements. Any dicta in the opinion contrary to this main holding must yield.

The foregoing analysis assumed that the facts of *Halper* translate to the facts of this case. However, the Court considers it highly unlikely that the *Halper* decision was intended to apply to the uniquely difficult area of prison administration and discipline. "What we announce now is a rule for the rare case, the case such as the one before us, where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." *Halper,* 490 U.S. at 448, 109 S.Ct. at 1902. This description does not fit this case. Nor do the reasoning and motives behind *Halper* fit the prison context. This Court cannot depart from a rule uniformly established by federal and state courts simply because dicta contained in a Supreme Court opinion, dealing with facts and issues wholly unrelated to the present dispute, could be read to require a different result.

NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. Garrity's petition for a writ of habeas corpus is denied.

SO ORDERED.