Luis Arteaga GUERRERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–94–179–CR.

Court of Appeals of Texas,
Waco.

Feb. 8, 1995.

Kay Berkey Ellis, Staff Atty., Inmate Legal Services, Huntsville, TX, for appellant.

David S. Barron, Dist. Atty., Anderson, TX, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Luis Guerrero is an inmate in the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID) serving a sentence assessed in 1989 for the offense of murder. He has been charged by an indictment in Madison County with the offense of aggravated assault on a correctional officer, alleged to have occurred in the prison on January 25, 1993. *See* TEX.PENAL CODE ANN. § 22.02 (Vernon 1994). Guerrero was also subjected to a disciplinary hearing by TDCJ–ID arising out of the same incident. This appeal involves his claim of double jeopardy under the federal and state constitutions. *See* U.S. CONST.AMEND. V; TEX. CONST. art. I, § 14.

At the time of the disciplinary hearing, Guerrero had accumulated good conduct time to be applied towards his sentence. On February 2, 1993, the TDCJ–ID decided that Guerrero was guilty of striking the officer and, as part of his administrative punishment, forfeited 365 days of his "good time".

Guerrero filed an application for a writ of habeas corpus seeking to be discharged from threat of further prosecution on the grounds that, by forfeiting his "good time," he has already been punished by the State for the assault. The District Court of Madison County denied relief, and Guerrero argues on appeal that the state and federal constitutional protections against double jeopardy preclude his being charged with the offense because he has already been punished by the TDCJ–ID. *Id.*

## FEDERAL CONSTITUTION

■ This court has previously addressed this issue under the federal constitution and decided that its prohibition against double jeopardy does not preclude the State from trying an inmate when he has already been punished for the same conduct in administrative proceedings held by prison officials. *Prysock v. State*, 817 S.W.2d 784, 785 (Tex. App.—Waco 1991, pet. ref'd). We conclude that *Prysock* controls this issue under the federal constitution. *Id.; see also, Smith v. State*, 827 S.W.2d 71, 72 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

## STATE CONSTITUTION

We did not directly address the state-constitutional claims in *Prysock*. Guerrero asserts that because a recent line of cases, beginning with *Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991), has found the Texas Constitution provides greater protections to Texas citizens than some corresponding provisions in the United States Constitution, we should find that section fourteen of article one of the Texas Constitution prevents him from being criminally charged with the assault.

■ Several of our sister courts of appeals have ruled since *Heitman* that the State is not precluded by article one, section fourteen, from trying an inmate when he has already been punished for the same conduct in administrative proceedings. *See, e.g., Mott v. State*, 846 S.W.2d 398, 398–399 (Tex. App.—Houston [14th Dist.] 1992, no pet.); *Quevedo v. State*, 832 S.W.2d 422, 424 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). In addressing double-jeopardy arguments, several courts of appeals have cited *Phillips v. State*, 787 S.W.2d 391, 393 n. 2 (Tex.Crim. App.1990), which states: "Conceptually, the state and federal constitutional provisions are identical." *See, e.g., Ex parte Tomlinson*, 886 S.W.2d 544, 546 (Tex.App.—Austin 1994, no pet. h.); *Fant v. State*, 881 S.W.2d 830, 831 (Tex.App.—Houston [14th Dist.] 1994, pet. granted); *Gibson v. State*, 875 S.W.2d 5, 7 (Tex.App.—Texarkana 1994, pet. ref'd); *Heyduck v. State*, 814 S.W.2d 156, 157 (Tex. App.—Houston [1st Dist.] 1991, no pet.). Thus, the Texas double jeopardy provision is interpreted as affording essentially the same type and level of protection as its federal counterpart. *Gibson*, 875 S.W.2d at 7. We will follow those decisions and hold that the Texas Constitution does not preclude the State from trying an inmate when he has already been punished for the same conduct in administrative proceedings held by prison officials. *See* TEX. CONST. art. I, § 14.

We overrule Guerrero's points of error and affirm the judgment of the trial court denying relief.