TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00607-CR







Anna Delia Trevino, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-073, HONORABLE JACK ROBISON, JUDGE PRESIDING








 Appellant Anna Delia Trevino was granted an out-of-time appeal by the Court of Criminal
Appeals and now appeals from a judgment of conviction for the offense of aggravated assault with a deadly
weapon. See Tex. Penal Code Ann. § 22.02 (West 1994). Appellant entered a plea of nolo contendere
to the primary offense and a plea of true to an allegation she had been convicted of a prior felony offense
which was alleged to enhance her punishment. The court, pursuant to a plea bargain agreement between
appellant and the State, assessed appellant's punishment at imprisonment for fifteen years and a fine of
$750.00. We will affirm the trial court's judgment.

 Appellant asserts that her trial, conviction, and punishment for aggravated assault were
double jeopardy barred and violated her federal and state constitutional rights. U.S. Const. amend. V; Tex.
Const. art. I, § 14. Neither in the trial court nor on appeal has appellant claimed her state constitutional
right is greater than her federal constitutional right and she relies primarily on recent Supreme Court cases. 
Therefore, we will consider only her federal constitutional claim. Appellant contends that her conviction
for aggravated assault was double jeopardy barred because the conduct constituting the aggravated assault
offense was the same conduct used to support the Board of Pardons and Parole finding that she had
violated the conditions of parole granted in a prior case.

 It has long been held by Texas courts and other courts that it is not unconstitutional for a
defendant to be tried and convicted of a criminal offense when the same conduct has been used to
administratively impose disciplinary measures or to revoke probation or parole. See, e.g., Rodriquez v.
State, 552 S.W.2d 451, 456 (Tex. Crim. App. 1977); Valdez v. State, 508 S.W.2d 842, 843 (Tex.
Crim. App. 1974); Banks v. State, 503 S.W.2d 582, 584 (Tex. Crim. App. 1974); Carter v. State, 496
S.W.2d 603, 604 (Tex. Crim. App. 1973); Guerrero v. State, 893 S.W.2d 260, 261 (Tex. App.--Waco
1995, no pet.); Quevedo v. State, 832 S.W.2d 422, 424 (Tex. App.--Houston [1st Dist.] 1992, pet.
ref'd). Accord, United States v. Woodrop, 86 F.3d 359, 360-63 (4th Cir 1996); United States v. Soto-Olivas, 44 F.3d 788, 789-91 (9th Cir. 1996); United States v. Hanahan, 798 F.2d 187, 189-90 (7th
Cir. 1986); United States v. Olivares-Martinez, 767 F.2d 1135, 1139 (5th Cir. 1985).

 Appellant argues that recent Supreme Court cases such as United States v. Ursury, 
U.S. , 135 L.Ed.2d 549 (1996), Montana Dep't of Revenue v. Kurth, 511 U.S. , 127 L.Ed.2d 99
(1994); Austin v. United States, 509 U.S. 602 (1993), and United States v. Halper, 490 U.S. 435
(1989), do not allow a defendant to be tried and convicted of a criminal offense when the same conduct
has been used to revoke probation or parole. Appellant's argument is by analogy because none of these
cases are concerned with revocation of probation or parole. We note that since this case was argued and
submitted, the Supreme Court has "in large part disavow[ed] the method of analysis used in United States
v. Halper, 490 U.S. 435, 448 (1989), and reaffirm[ed] the previously established rule exemplified by
United States v. Ward, 448 U.S. 242, 248-249 (1980)." Hudson v. United States, U.S. , No. 96-976, slip op. at 1 (Dec. 10, 1997).

 In a number of cases several courts have considered the cases relied upon by appellant;
these courts have rejected arguments similar to those made by appellant. The decisions of these courts are
concerned with whether jeopardy bars subsequent criminal prosecution for conduct that was also used as
a basis to administratively impose disciplinary measures or to revoke probation or parole.

 The United States Court of Appeals for the Fifth Circuit has rejected arguments quite
similar to those of appellant in United States v. Galan, 82 F.3d 639, 640 (5th Cir. 1996).


 Galan first argues that the prosecution for conspiracy to escape is barred by
double jeopardy concerns because he was punished in prison for the same conduct by
being held in segregation subsequent to the offenses, being transferred to a higher security
level facility, and losing good-time credit. Galan argues that this court has not reexamined
its decision, issued before United States v. Halper, 490 U.S. 435, 448-50, 109 S.Ct.
1892, 1901-03, 104 L.Ed.2d 487 (1989), which concluded that prison disciplinary
proceedings do not bar future criminal prosecutions. See, e.g., United States v. Bryant,
563 F.2d 1227, 1230 (5th Cir. 1977), cert. denied, 435 U.S. 972, 98 S.Ct. 1616, 56
L.Ed.2d 65 (1978). While this court has not reviewed the issue in light of Halper, and
other Supreme Court punishment-related cases, however, four other federal circuit courts
have rejected appellant's contention. United States v. Brown, 59 F.3d 102, 103-05 (9th
Cir. 1995); United States v. Hernandez-Fundora, 58 F.3d 802, 806-07 (2nd Cir.),
cert. denied, U.S. , 115 S.Ct. 2288, 132 L.Ed.2d 290 (1995); Garrity v. Fiedler,
41 F.3d 1150, 1152-53 (7th Cir. 1994); cert. denied, U.S. , 115 S.Ct. 1420, 131
L.Ed.2d 303 (1995); United States v. Newby, 11 F.3d 1143, 1144-46 (3rd Cir. 1993),
cert. denied, U.S. , 114 S.Ct. 1841, 128 L.Ed.2d 468 (1994), cert. denied, U.S. 
 , 115 S.Ct. 111, 130 L.Ed.2d 58 (1994). We see no reason to disagree with their
uniform conclusion.



 In United States v. Brown, 59 F.3d 102, 104-05 (9th Cir. 1995), the court discussed
Halper and Austin and said:


 Revocation of parole or probation is regarded as reinstatement of the sentence for
the underlying crime, not as punishment for the conduct leading to the revocation. See
United States v. Soto-Olivas, 44 F.3d 788, 789, 791 (9th Cir. 1995). Parole and
probation are part of the original sentence. Their continuance is conditioned on compliance
with stated conditions--if the defendant does not comply with those conditions, parole and
probation may be revoked. Revocation does not extend the original sentence, it simply
alters the conditions under which it is served. The fact that the events which lead to
revocation may also constitute a second crime does not mean the revocation itself is
punishment for the second crime. See id.


 "We and other circuits have specifically held that parole revocation and separate criminal
punishment for the same conduct does not violate the Double Jeopardy Clause." Garrity v. Fielder, 41
F.3d 1150, 1152 (7th Cir. 1994). In its holding, the Seventh Circuit considered Halper and other cases.

 Recently the Court of Criminal Appeals considered the same cases cited by appellant and
held that disciplinary sanctions imposed against a jail inmate for assaulting guards were not punishment
under the Double Jeopardy Clause and did not bar the inmate's subsequent prosecution for the same
conduct--aggravated assault. See Ex parte Hernandez, 953 S.W.2d 275, 278-85 (Tex. Crim. App.
1997).

 While appellant was serving a sentence for debit card abuse, she was granted parole. One
of the agreed conditions of parole was that appellant would obey all state laws. She violated that condition
by committing the offense of aggravated assault. The revocation of parole for committing the offense of
aggravated assault resulted in the reinstatement and continuation of appellant's punishment for debit card
abuse. Appellant received no punishment for aggravated assault until she was subsequently tried and
convicted of that offense. There was no double punishment and her constitutional right against double
jeopardy was not violated. Appellant's first two points of error are overruled.

 In points of error three and four, appellant complains that the trial court erred in refusing
to take judicial notice of properly authenticated certified copies of appellant's Board of Pardons and Parole
records and in excluding from evidence these records. These records are included in the record and we
have taken judicial notice of them. These records were offered in the trial court to show the conduct
resulting in the aggravated assault conviction was the same conduct relied upon by the Board of Pardons
and Parole in finding appellant violated the conditions of parole in the prior case. In our review of
appellant's double jeopardy claim, we have fully considered these records. The trial court's exclusion of
the records, if error, was harmless. We overrule appellant's third and fourth points of error.



 The judgment is affirmed.


 


 Carl E. F. Dally, Justice



Before Justices Kidd, B. A. Smith and Dally*

Affirmed

Filed: January 8, 1998

Do Not Publish





















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



egular"> Revocation of parole or probation is regarded as reinstatement of the sentence for
the underlying crime, not as punishment for the conduct leading to the revocation. See
United States v. Soto-Olivas, 44 F.3d 788, 789, 791 (9th Cir. 1995). Parole and
probation are part of the original sentence. Their continuance is conditioned on compliance
with stated conditions--if the defendant does not comply with those conditions, parole and
probation may be revoked. Revocation does not extend the original sentence, it simply
alters the conditions under which it is served. The fact that the events which lead to
revocation may also constitute a second crime does not mean the revocation itself is
punishment for the second crime. See id.