IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00345-CR

 

ANTONIO SERRANA,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court at Law No.
2

Johnson County, Texas

Trial Court No. M200301848

 



CONCURRING  Opinion










 

          The discussion of Tarvin in the
majority opinion will be difficult for many readers to reconcile, creating
confusion and chaos, and could be considered misleading if it is not properly
explained.  State v. Tarvin, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet.
ref’d).  Tarvin is not a particularly good case to discuss in this
opinion because the holding of Tarvin was based on a motion to suppress
that was granted as distinguished from those cases in which a motion to
suppress has been denied.  This distinction makes all the difference in the
world. 

          This distinction is probably why
neither Serrana nor the State cite Tarvin in their briefs.  The analysis
that applies to the facts when a motion to suppress has been granted versus
when the motion has been denied is the same.  The distinction between Tarvin
and the other cases is not about the facts; but rather, it is about the related
standard of review of the trial court’s ruling.  Thus, the “facts” of the two
cases could be identically the same, in the cold appellate record, and we could
have two different results.  And based upon the applicable standard of review,
both decisions could be properly affirmed.  Because we are reviewing issues on
which the trial court had to evaluate credibility of the witnesses, our
standard of review is an abuse of discretion.

          This confusion could easily be avoided
if we simply stayed focused on the issues and addressed the parties’ arguments
under the proper analysis related to motions to suppress that have been
denied.  Tarvin is just not good precedent for a fact-intensive
discussion on this issue.  It does not fit the analysis that is appropriate for
this case.

          Notwithstanding the confusion created
by the Court’s effort to compare the facts in Tarvin with the facts of
this case, the majority does get to the correct result.  Accordingly, I concur
in the judgment affirming the decision of the trial court to deny the motion to
suppress and thus affirming the trial court’s judgment.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion delivered and filed February 15, 2006 






e
jeopardy preclude his being charged with the offense because he has already been punished by the
TDCJ-ID. Id.
FEDERAL CONSTITUTION
      This court has previously addressed this issue under the federal constitution and decided that
its prohibition against double jeopardy does not preclude the State from trying an inmate when he
has already been punished for the same conduct in administrative proceedings held by prison
officials. Prysock v. State, 817 S.W.2d 784, 785 (Tex. App.—Waco 1991, pet. ref'd). We
conclude that Prysock controls this issue under the federal constitution. Id.; see also Smith v.
State, 827 S.W.2d 71, 72 (Tex. App.—Houston [1st Dist.] 1992, no pet.).
STATE CONSTITUTION
      We did not directly address the state-constitutional claims in Prysock. Guerrero asserts that,
because a recent line of cases beginning with Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App.
1991), has found the Texas Constitution provides greater protections to Texas citizens than some
corresponding provisions in the United States Constitution, we should find that section fourteen
of article one of the Texas Constitution prevents him from being criminally charged with the
assault.
      Several of our sister courts of appeals have ruled since Heitman that the State is not precluded
by article one, section fourteen, from trying an inmate when he has already been punished for the
same conduct in administrative proceedings. See, e.g., Mott v. State, 846 S.W.2d 398, 398-99
(Tex. App.—Houston [14th Dist.] 1992, no pet.); Quevedo v. State, 832 S.W.2d 422, 424 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref'd). In addressing double-jeopardy arguments, several
courts of appeals have cited Phillips v. State, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990),
which states: "Conceptually, the state and federal constitutional provisions are identical." See,
e.g., Ex parte Tomlinson, 886 S.W.2d 544, 546 (Tex. App.—Austin 1994, no pet. h.); Fant v.
State, 881 S.W.2d 830, 831 (Tex. App.—Houston [14th Dist.] 1994, pet. granted); Gibson v.
State, 875 S.W.2d 5, 7 (Tex. App.—Texarkana 1994, pet. ref'd); Heyduck v. State, 814 S.W.2d
156, 157 (Tex. App.—Houston [1st Dist.] 1991, no pet.). Thus, the Texas double jeopardy
provision is interpreted as affording essentially the same type and level of protection as its federal
counterpart. Gibson, 875 S.W.2d at 7. We will follow those decisions and hold that the Texas
Constitution does not preclude the State from trying an inmate when he has already been punished
for the same conduct in administrative proceedings held by prison officials. See Tex. Const. art.
I, § 14.
      We overrule Guerrero's points of error and affirm the judgment of the trial court denying
relief.
 
                                                                               BILL VANCE
                                                                               Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed February 8, 1995
Publish