Brenda Fay PARRISH, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–989–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 14, 1991.

Discretionary Review Granted (Appellant)
June 19, 1991.

Discretionary Review Refused (State)
June 19, 1991.

Wesley H. Hocker, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

OPINION

JUNELL, Justice.

This is an appeal from the trial court's denial of a writ of habeas corpus. Appellant brings one point of error alleging that her prosecution for driving while intoxicated (DWI) is barred by double jeopardy under U.S. CONST. Amendments 5 and 14 and

TEX. CONST., Article I, Section 14. We affirm.

On March 31, 1990, appellant was involved in an accident. As a result of the accident, appellant was charged with failure to control speed involving a collision. Appellant entered a plea of nolo contendere to the charge on August 13, 1990, and was found guilty and punished by fine. Based on the same accident, appellant was also charged with the misdemeanor offense of driving while intoxicated. Prior to trial on the DWI charge, appellant filed an application for writ of habeas corpus and special plea in bar on the theory that the DWI prosecution was barred by double jeopardy based on the prior speeding conviction. An evidentiary hearing was held before the trial court. The trial court denied the application for writ. The trial court's denial is the basis of this appeal.

In her sole point of error appellant contends that the prosecution for DWI is barred by double jeopardy principles because of her prior conviction on the speeding offense. Appellant bases her argument on the recent Supreme Court case of *Grady v. Corbin*, — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). We agree that *Corbin* controls the disposition of this case, however, it does not provide appellant with the relief she requests.

■ To determine whether a claim is barred by double jeopardy, the first step requires the application of the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Where the act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, i.e., whether one is a lesser included offense of the other, is whether each provision requires proof of an additional fact which the other does not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. Under this test, speeding and DWI do not constitute one offense because each offense requires proof which the other does not. In other words, it is possible for an individual to speed without being intoxicated, and it is possible to drive while intoxicated without speeding. Thus, the prosecution in this case survives the initial test for double jeopardy. But, because of *Corbin*, the inquiry does not end here.

When the case at hand involves a second prosecution after a person has previously been in jeopardy, it is necessary to apply the *Corbin* rule if the second prosecution first survives the *Blockburger* test.

■ As the Supreme Court suggested in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), and held in *Corbin*, the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of any offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Corbin*, 110 S.Ct. at 2093. This is not an "actual evidence" or "same evidence" test. *Id.* The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. *Id.* Thus, if the State admits it will or does prove conduct for which the defendant has already been in jeopardy, the subsequent prosecution is barred. That is not the case regarding appellant.

■ Here the State has stipulated that it will not use failure to control speed to prove the DWI. The Supreme Court, in *Corbin*, specifically stated that if the State could prove the second offense without reliance on the offense for which the defendant had already been in jeopardy, the prosecution would not be barred by double jeopardy principles. That exact situation presents itself here. Since the State of Texas has stated that it will not use the failure to control speed to prove DWI, the "essential element" problem of *Corbin* has been circumvented. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.