James E. WIGGINS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–1024–CR.

Court of Appeals of Texas,
Houston (14th Dist).

Aug. 8, 1991.

Charles Ernie Hill, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before JUNELL, CANNON, and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, James E. Wiggins, appeals from the trial Court's denial of a writ of habeas corpus. In his sole point of error appellant asserts that the trial court erred in denying his writ of habeas corpus because the State is subjecting him to double jeopardy in contravention of rights guaranteed him by the Texas and United States Constitutions: citing, *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) and *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). We disagree and will affirm.

On July 21, 1990, appellant was charged with two (2) offenses that arose from the same transaction, driving with license suspended, (D.W.L.S.), a misdemeanor, and driving while intoxicated, (D.W.I.), a felony. On July 27, 1990, appellant was convicted of driving while his driver's license was suspended. Now the State attempts to try

---

appellant in the D.W.I. case. Prior to trial on the D.W.I. charge, appellant filed an application for writ of habeas corpus on the theory that the D.W.I. prosecution was barred by double jeopardy based on the prior D.W.L.S. conviction. An evidentiary hearing was held before the trial court. The trial court denied the requested relief. This denial is the basis of this appeal.

Appellant asserts that a D.W.I. prosecution would violate his double jeopardy rights because the State would be required to prove conduct already established in the trial for the D.W.L.S. conviction. The appellant cites us to *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 2094, 109 L.Ed.2d 548 (1990), where the Supreme Court held that the charges of driving while intoxicated and failing to keep to the right of the median precluded a trial for reckless manslaughter and assault stemming from the same conduct.

The *Grady* case says there are two tests to determine if a prosecution is barred by double jeopardy. 110 S.Ct. at 2090. First, we apply the test announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). If, under the *Blockburger* test, the prosecution is barred by double jeopardy, we stop there. If, however, under the *Blockburger* test, the prosecution is not barred by double jeopardy, we must then apply the second test discussed in the *Grady* case before we can decide if double jeopardy bars the prosecution.

■ Appellant challenges the prosecution under both the State and Federal double jeopardy provisions. Conceptually, the State and Federal provisions are identical. *Phillips v. State*, 787 S.W.2d 391, 343 n. 2 (Tex.Crim.App.1990). The double jeopardy clause embodies three protections: It protects against another prosecution for the same offense after acquittal; it protects against another prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. *Grady*, 110 S.Ct. at 2090. Here we ask if the prosecution for D.W.I. is barred by the conviction for D.W.L.S.

*Grady*, 110 S.Ct. at 2090; *Phillips*, 787 S.W.2d at 393.

■ The *Blockburger* test requires us to determine whether the offenses of, D.W.L.S. and D.W.I. require proof of an element that the other does not. If the test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, *Blockburger* bars the later prosecution. *Grady*, 110 S.Ct. at 2090.

The elements of the offense of D.W.L.S. and D.W.I. are set out below.

| D.W.L.S. | D.W.I. |
| --- | --- |
| (1) a person | (1) a person |
| (2) drives or operates | (2) drives or operates |
| (3) motor vehicle | (3) a motor vehicle |
| (4) in a public place | (4) in a public place |
| (5) while driver's license was suspended | (5) while intoxicated |

Applying *Blockburger*, each offense requires proof of an element that the other does not. D.W.L.S. requires proof of the element that the driver's license was suspended. Driving while intoxicated requires proof of the element of intoxication. Thus, under the first part of the *Blockburger* test, these offenses are not barred by double jeopardy.

The second part of the *Blockburger* test is whether one offense is a lesser included offense of the other. Article 37.09 of the Texas Code of Criminal Procedure defines a lesser included offense as one that:

(1) is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.P.ANN. art. 37.09 (Vernon 1981). *Johnson v. State*, 773 S.W.2d 721, 724 (Tex.App.—Houston [1st Dist.] 1990,

pet. ref'd). Thus, under article 37.09, D.W.L.S. is not a lesser included offense of D.W.I.

Therefore, under *Blockburger*, double jeopardy does not bar prosecution for D.W.I. As stated in *Grady*, however, that is not enough. The next step is to apply the *Grady* test, which requires us to determine whether the State must prove one offense as an essential element of the other offense. The double jeopardy clause bars any later prosecution in which the State must prove conduct, that constitutes an offense, for which the defendant has already been prosecuted. *Grady*, 110 S.Ct. at 2093. Here, the question is whether the State is required to prove D.W.L.S. as part of the D.W.I. case. As stated in *Grady*.

> This is not an "actual evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding.

*Id.* at 2093.

We find that D.W.L.S. is not an essential element of D.W.I. A person can be prosecuted for D.W.I. regardless of whether his driver's license was suspended, and a driver need not be intoxicated to be prosecuted for D.W.L.S. The prohibited conduct is driving a motor vehicle while intoxicated and the State does not have to prove appellant was driving while his driver's license were suspended to make its case for D.W.I. The State need only prove that appellant was intoxicated and driving a motor vehicle in a public place. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1991).

We find that double jeopardy does not bar appellant's prosecution for driving while intoxicated under *Blockburger* because each offense requires proof of an element that the other does not. Nor does *Grady* bar appellant's subsequent prosecution because the separate offense of D.W.L.S. is not an essential element of the offense of driving while intoxicated. *Also see: Parrish v. State*, 807 S.W.2d 411 (Tex.

App.—Houston [14th Dist.] 1991, no pet.); *Kvetinskas v. State*, 809 S.W.2d 914 (Tex. App. [14th Dist.] 1991). We overrule appellant's sole point of error.

Accordingly, we affirm the trial court's judgment.