**Brenda Fay PARRISH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 490–91.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 10, 1993.

Rehearing Denied March 17, 1993.

Wesley H. Hocker, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Calvin A. Hartmann, J. Harvey Hudson and Jim Mount, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

On March 31, 1990, Appellant was involved in a traffic accident. At the scene, police cited her for failure to control speed and then arrested her for driving while intoxicated. Several months later, appellant entered a plea of nolo contendere to the former charge, was convicted and assessed a fine. Later, formally charged by complaint and information with driving while intoxicated (DWI), appellant initially filed a pretrial motion in conjunction with a writ of habeas corpus, alleging the DWI prosecution was barred because of her earlier conviction for speeding. The trial court denied relief, and the court of appeals affirmed. *Parrish v. State,* 807 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1991). We granted Appellant's petition for discretionary review to consider whether the lower court erred in holding that a successive prosecution for DWI is not jeopardy barred in this case because the State intimated prior to trial that it might not prove, as a part of its DWI prosecution, that Appellant was speeding.

In *Grady v. Corbin,* 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990), the United States Supreme Court held "that the Double Jeopardy Clause bars a subse-

quent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Whether the government "will prove" conduct is not merely a question of elemental includedness, as in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We are no longer concerned only with whether the government must necessarily prove the same conduct, but also with whether it will prove such conduct in fact. Thus, it is often impossible to resolve jeopardy problems by an examination of the accusatory pleadings alone.

■ In *Corbin*, the State of New York was committed to the facts through the filing of a formal bill of particulars to prove conduct for which Corbin had already been prosecuted. But the reach of *Corbin* is not limited to cases in which the State's pleading actually discloses or formally requires that conduct for which the accused was earlier prosecuted will again be in issue. Rather, once the defendant has made a good-faith threshold showing that the accusatory pleading charges him with a crime for which he was formerly placed in jeopardy, it becomes the prosecution's burden to establish that the two offenses are not the same in fact. 495 U.S. at 522 n. 14, 110 S.Ct. at 2094 n. 14. As we understand *Corbin*, the State must demonstrate, in order to meet this burden, that it will not actually prove an offense for which the accused was formerly prosecuted during the prosecution of a different statutory offense arising from the same act or transaction. *See Houth v. State*, 845 S.W.2d 853 (Tex.Crim.App.1992).

■ Clearly, in cases where the State regards evidence of conduct for which the defendant was previously prosecuted as helpful but not indispensable to its prosecution of a pending case arising from the same transaction, the existence of a jeopardy bar to the second prosecution is optional. If the State is willing to forego proof of conduct for which the defendant was earlier prosecuted, the second trial may proceed. Otherwise, it is barred.

■ Because the State's willingness to relinquish a part of its evidence is a matter peculiarly within the discretion and control of prosecuting authorities, it is apparent that a presumptive jeopardy bar can only be overcome if the State's legal representative in court actually makes a firm commitment not to offer at trial evidence of conduct for which the defendant has already been prosecuted. We think a firm commitment in writing is required, rather than a mere prediction or honest expression of intent, because the defendant is entitled to a binding decision on his jeopardy claim prior to trial. *See Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim.App.1982). *See also Houth*, 845 S.W.2d at 860 n. 6.

■ In the instant cause, it is apparent from the record, and the parties evidently agree, that both criminal offenses were committed simultaneously. Thus, Appellant has made a sufficient threshold showing that her earlier prosecution for speeding arose from the same act or transaction as her pending prosecution for DWI. We think it clear under such circumstances that the State must commit itself not to prove conduct constituting the offense of speeding in its second prosecution of Appellant.

In this connection, the Court of Appeals concluded that "the State has stipulated that it will not use failure to control speed to prove the DWI." *Parrish*, 807 S.W.2d at 412. From our independent examination of the record, this finding of fact by the court of appeals is supported only by oral statements of an assistant district attorney, made during argument before the trial judge after an evidentiary hearing on Appellant's motion. We think it reasonable to conclude from these statements that the assistant district attorney believed, at least for purposes of the hearing, that the State was foreclosed by *Corbin* from proving, in its pending DWI prosecution, conduct constituting the offense of speeding. Such a belief is implicit throughout the district attorney's argument, and is expressed more than once by remarks such as, "All Corbin says, as it applies to this case, is that we can't talk about the failure to control speed."

Nevertheless we do not believe that the remarks of the assistant district attorney can also reasonably be interpreted as a commitment by the State not to prove certain conduct at trial or even as the expression of a firm intention not to do so. *A fortiori,* they do not establish that the State will not again prove Appellant was speeding. Certainly, the prosecution did not concede on appeal, nor does it now concede, that any stipulation to such effect was ever made. Indeed, it is the State's position on discretionary review that Appellant may be prosecuted for DWI, without offending the Double Jeopardy Clause, whether or not evidence is offered during that prosecution to prove Appellant was also speeding at the time. Accordingly, we hold the evidence insufficient for a finding that the State will not prove Appellant's failure to control speed at her DWI trial.

The judgment of the Court of Appeals is, therefore, reversed and the cause is remanded to the trial court with instructions that the complaint and information charging Appellant with DWI in cause number 9038525 before County Criminal Court at Law No. 4 of Harris County be dismissed.

OVERSTREET, J., dissents.

McCORMICK, Presiding Judge, dissenting.

By its pleading through a specialized bill of particulars practice, the prosecution in *Grady v. Corbin,* 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990), locked itself into a double jeopardy holding. Such is not the case presented here. The majority speculates as to what might happen in a trial for driving while intoxicated and, based upon their sighting of gremlins, bars the State through double jeopardy.

There cannot be double jeopardy until there has been jeopardy. The reasoning of the majority escapes me. I dissent.

WHITE, J., joins this dissent.