Ex parte Paul Norman PRIVETT,
Appellant.

No. 01–93–00053–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 26, 1993.

James R. Smith, Houston, for appellant.

John B. Holmes, Dist. Atty., J. Harvey Hudson, Asst., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and DUNN, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from the denial of appellant's petition for writ of habeas corpus in which he asserted that his prosecution for driving while intoxicated is barred by double jeopardy based on his prior conviction for driving with a suspended license (DWSL).

Appellant was arrested on December 10, 1991 and charged with the misdemeanor offense of driving with a suspended license and with the felony offense of driving while intoxicated. On February 5, 1991 appellant entered a plea of nolo contendere for the offense of driving with a suspended license. Prior to his trial for driving while intoxicated, appellant filed a petition for writ of habeas corpus claiming that his earlier conviction for DWSL barred a later prosecution for driving while intoxicated (DWI). The parties stipulated that both offenses arose from the same act of driving. The trial court denied appellant's request.

Appellant attacks the decision of the trial court in two points of error. First appellant argues that the DWI charge should be dismissed because the State failed to give a written commitment that it would not prove appellant's conduct of driving with a suspended license as part of its DWI prosecution. Appellant relies on *Parrish v. State*, no. 0490–91 (Tex.Crim.App., February 10, 1993). In *Parrish* the Court of Criminal Appeals held that in order for the State to avoid a double jeopardy bar to a subsequent prosecution for DWI arising from the same act or transaction as the first prosecution for failure to control speed, the State had to

commit itself in writing not to prove conduct constituting the offense prosecuted first. The Court of Criminal Appeals withdrew this opinion from publication on July 2, 1993.

Although *Parrish* has been withdrawn from publication, the State has attached as an appendix to its appellate brief, a written affidavit stating that it will not present evidence that appellant was driving with a suspended license at appellant's trial for driving while intoxicated. The State also filed this affidavit with the trial court. Thus, the first point of error is moot. We express no opinion concerning whether the requirements like those in *Parrish* apply to this case.

Therefore, we overrule point of error one.

■ In his second point of error, appellant argues that the State will have to prove the "same conduct" it was required to prove when convicting appellant of DWSL in order to prove the offense of DWI; therefore, the prosecution for the latter offense is barred by the double jeopardy clause as interpreted by the Supreme Court in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In *Grady*, the court held that a subsequent prosecution must pass the *Blockburger* test ("same offense" test), and must also satisfy a "same conduct" test to avoid a double jeopardy bar. *Grady*, 495 U.S. at 510, 110 S.Ct. at 2087. The *Blockburger* test provides that if each offense requires proof of a fact which the other does not, and if one offense is not a lesser included offense of the other, double jeopardy will not bar a subsequent prosecution. *Id.* at 516, 110 S.Ct. at 2090–91; *see also, Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The "same conduct" test bars any subsequent prosecution in which the government, "to establish an essential element of an offense charged in that prosecution ... will prove *conduct that constitutes an offense for which the defendant has already been prosecuted.*" *Grady*, 495 U.S. at 510, 110 S.Ct. at 2087 (emphasis added).

■ Appellant asserts that his DWI prosecution is barred under *Grady's* "same conduct" test. However, the Supreme Court recently overruled that portion of the *Grady*

analysis, stating that unlike the *Blockburger* test, the "same conduct" test "lacks constitutional roots." *United States v. Dixon*, —— U.S. ——, ——, 113 S.Ct. 2849, 2852, 125 L.Ed.2d 556 (1993). Therefore, the only question before us is whether, under the *Blockburger* analysis, a prior conviction for DWSL bars a subsequent prosecution for DWI.

In his brief, appellant concedes that the *Blockburger* test was correctly applied by the court in *Wiggins v. State*, 816 S.W.2d 472 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). In *Wiggins*, the court held that both DWI and DWSL require proof of an element which the other does not, and that DWSL is not a lesser included offense of DWI. *Id.* at 473–474. Thus, a prior conviction for driving with a suspended license does not bar a subsequent prosecution for driving while intoxicated.

Accordingly, we overrule point of error two.

The trial court's denial of relief is affirmed.