**Brenda Fay PARRISH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. B14–90–00989–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 8, 1994.

Discretionary Review Refused
Feb. 15, 1995.

Wesley H. Hocker, Janet Seymour Morrow, Houston, for appellant.

Marshall A. Shelsy, J. Harvey Hudson, Houston, for appellee.

**OPINION ON REMAND**

BARRON, Justice.

Appellant appeals from the denial of a writ of habeas corpus. The issue is whether the double jeopardy clause found in the Texas Constitution bars a later prosecution for driving while intoxicated (DWI) where there has been a prior conviction for speeding. Because we conclude that article I, section 14 of the Texas Constitution affords no greater protection than the Double Jeopardy Clause contained in the Fifth Amendment to the United States Constitution, we affirm.

On March 31, 1990, Brenda Fay Parrish was involved in a traffic accident. She was arrested for DWI and was issued a citation for failure to control speed. Parrish entered a plea of nolo contendere to the speeding charge, was convicted, and was assessed a fine.

Parrish was later charged with DWI. Parrish filed a pretrial application for writ of habeas corpus and special plea in bar, claiming that because the prior speeding conviction arose from the same traffic accident, the later DWI prosecution was barred under double jeopardy. The trial court denied relief and she appealed.

On appeal to this court, Parrish urged that the DWI prosecution was barred by the double jeopardy clauses of both the Fifth Amendment to the United States Constitution and article I, section 14 of the Texas Constitution. Relying solely on cases interpreting the federal constitution, we affirmed the denial of the writ. *Parrish v. State*, 807 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1991), *rev'd* 872 S.W.2d 224 (Tex.Crim. App.1993).

The Court of Criminal Appeals reversed our judgment and remanded to the trial court for dismissal on the ground that the prior speeding conviction was a jeopardy bar

to the subsequent DWI prosecution. *Parrish v. State*, 872 S.W.2d 224, 227 (Tex.Crim. App.1993). In reversing our judgment, the court relied on the "same conduct" test set forth in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). On certiorari to the United States Supreme Court, the case was remanded to the Court of Criminal Appeals in light of *United States v. Dixon*, — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), which overruled *Grady v. Corbin*. *Texas v. Parrish*, — U.S. —, 114 S.Ct. 41, 126 L.Ed.2d 11 (1993).

On remand, in light of *Dixon*, the Court of Criminal Appeals held that the double jeopardy clause of the United States Constitution did not bar the DWI prosecution. *Parrish v. State*, 869 S.W.2d 352, 355 (Tex.Crim.App. 1994). The Court remanded to us the issue of whether article I, section 14 of the Texas Constitution provides greater protection than the double jeopardy clause of the federal constitution.

In response to the Court of Criminal Appeals' directive, Parrish argues that the Texas Constitutional jeopardy provision provides independent authority for barring her DWI trial as a successive prosecution for the same offense.

We summarize Parrish's argument: (1) in her prosecution for DWI, the State will prove conduct for which she has already been convicted, i.e., imprudent speed; (2) the State considers the proof of that "additional non-statutory allegation" necessary to prove the "unique offense" with which she is charged; (3) she ordinarily would be entitled to a jury charge on the lesser included offense of speeding if raised by the evidence; and (4) she should be entitled to allege and prove before trial that a particular offense for which she has already been convicted *will be raised* by the evidence and is thus a "species of lesser included offense" that should be barred by jeopardy principles.

Parrish's argument depends on our looking beyond the offense elements of the charging instrument to the proof of conduct needed to secure her conviction. According to Parrish, if to secure a subsequent conviction the State must prove conduct for which she has already been convicted, then the subsequent prosecution should be barred. With respect to federal double jeopardy, this is precisely the reasoning rejected by the Supreme Court when it overruled *Grady v. Corbin*. *Dixon*, — U.S. at —; 113 S.Ct. at 2859-64. In *Dixon*, the Court stated:

> [W]e think it time to acknowledge what is now, three years after *Grady*, compellingly clear: the case was a mistake. We do not lightly reconsider a precedent, but, because *Grady* contradicted an "unbroken line of decisions," contained "less than accurate" historical analysis, and has produced "confusion," we do so here. [Citation omitted.] ... We would mock *stare decisis* and only add chaos to our double jeopardy jurisprudence by pretending that *Grady* survives when it does not. We therefore accept the Government's invitation to overrule *Grady*.

— U.S. at —; 113 S.Ct. at 2864.

Though *Grady v. Corbin* has been expunged from Fifth Amendment jurisprudence, Parrish urges us to adopt its "same conduct" test for Texas double jeopardy analysis.

Parrish contends that the Texas "carving doctrine" provides the historical underpinning for a Texas "same conduct" test. In 1876 the Supreme Court of Texas held in *Wilson v. State*, 45 Tex. 76 (1876): "The State cannot split up one crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or part of the same crime." *Ex parte McWilliams*, 634 S.W.2d 815, 828 (Tex.Crim.App.1982) (opinion on reh'g), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982), quoting *Wilson, supra* at 83. When the transaction is the same it is but one offense against the State, and the accused cannot be convicted on separate indictments charging different parts of one transaction as a distinct offense. A conviction on one of the indictments bars a prosecution on the other. *Id.*

■ As we understand Parrish's contention, on the night of her arrest, the totality of her allegedly criminal "conduct" consisted of driving a car while intoxicated and failing to control her speed, resulting in an accident.

Under the carving doctrine, she argues, the State could prosecute her with DWI or failing to control speed, but not both. Similarly, under *Grady*'s "same conduct" test, the State could not convict her of failure to control speed resulting in an accident and then use that same conduct to convict her of DWI. The State would have, in effect, prosecuted her twice for the same conduct.

The problem with Parrish's reliance on the carving doctrine is that it has been abrogated by the Court of Criminal Appeals. *McWilliams*, 634 S.W.2d at 824. Indeed, the Court of Criminal Appeals saw in the carving doctrine many of the same difficulties the Supreme Court recognized in overruling *Grady*'s short-lived "same conduct" test. *See Dixon*, — U.S. at ——; 113 S.Ct. at 2859–64. We are unable to distinguish *Grady*'s "same conduct" test from Texas' "carving doctrine," both of which have been abandoned. Prior to *Grady v. Corbin*, Texas courts relied on the *Blockburger* test to ascertain whether a prosecution was barred by the double jeopardy provisions of our State constitution. *Humphreys v. State*, 565 S.W.2d 59, 62 (Tex.Crim.App.1978). Parrish has failed to present us with clear and articulable reasons as to why, under the particular case at issue, a more expansive protection of individual rights is appropriate.

To determine whether the Texas Constitution provides greater protection than its federal counterpart, the Court of Criminal Appeals has found the following factors helpful: (A) a textual examination of the constitutional provision; (B) the Framer's intent; (C) history and application of the constitutional provision; (D) comparable jurisprudence from other states; and (E) the practical policy considerations behind the constitutional provision. *Autran v. State*, 887 S.W.2d 31 (Tex.Crim.App.1994). We now consider those factors.

### A. Textual Examination

The Fifth Amendment provides in pertinent part:

[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.

Article I, section 14 provides:

No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

An examination of these provisions reveals clear textual similarities between the Fifth Amendment and article I, section 14.

### B. Framer's Intent and History of the Provision

The concept of double jeopardy has been described as a part of all advanced systems of law and as one of those universal principles of reason, justice, and conscience, of which Cicero said: "Nor is it one thing at Rome and another at Athens, one now and another in the future, but among all nations it is the same." *Bartkus v. Illinois*, 359 U.S. 121, 154, 79 S.Ct. 676, 697, 3 L.Ed.2d 684 (1959) (J. Black, dissenting). As far back as 355 B.C., Demosthenes observed, "the laws forbid the same man to be tried twice on the same issue, be it a civil action, a scrutiny, a contested claim, or anything else of the sort." *United States v. Jenkins*, 490 F.2d 868, 870 (2nd Cir.1973).

In the thirteenth century ... the bar against multiple prosecutions assumed a rather grim urgency. Since many criminal offenses were tried by battle between the wronged party and the alleged offender, it was evident that a series of prosecutions would ultimately produce a "conviction" against all but the hardiest combatants, if enough "appealors" were willing to try their hands at the case. Once the defendant had endured one such trial for "one deed and one wound," Bracton wrote, "he will depart quit against all, also as regards the king's suit, because he thereby proves his innocence against all, as though he had put himself on the country and it had exonerated him completely." 2 Bracton, On the Laws and Customs of England 391 (Thorne trans. 1968).

*Id.* at 871.

The concept that has emerged is one that is deeply ingrained in the Anglo–American system of jurisprudence, namely that the State with all its resources and power should

not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal, and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957).

When resolving double jeopardy issues, the Texas courts have uniformly held that the State and federal provisions are identical. *Phillips v. State,* 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990); *Wiggins v. State,* 816 S.W.2d 472, 473 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *State v. Marshall,* 814 S.W.2d 789, 792 (Tex.App.—Dallas 1991, pet. ref'd); *Heyduck v. State,* 814 S.W.2d 156, 157 (Tex.App.—Houston [1st Dist.] 1991, no pet.).

### C. Comparable Jurisprudence

To determine whether the Texas Constitution provides greater protection than the Fifth Amendment, the Court of Criminal Appeals has directed us to review the decisions of the other states who have found more protection, as well as those who have declined to do so. We have not been directed to, nor have we found any states who have departed from the United States Supreme Court's interpretation of the double jeopardy clause. We have found several states that have been confronted with the same issue before us and have found no greater protection under their state constitutions than that provided by the federal constitution. *See, e.g. Hernandez v. Superior Court,* 179 Ariz. 515, 880 P.2d 735 (Ariz.App.Div. 1 1994); *People v. Levin,* 157 Ill.2d 138, 191 Ill.Dec. 72, 623 N.E.2d 317 (1993); *State v. Brunson,* 327 N.C. 244, 393 S.E.2d 860 (1990); *People v. Johnson,* 85 Mich.App. 654, 272 N.W.2d 605 (1978); *State v. Hogg,* 118 N.H. 262, 385 A.2d 844 (1978).

In *Hernandez v. Superior Court,* the Arizona Court of Appeals faced an almost identical claim from the petitioner. In that case, decided after the Supreme Court's decision in *Dixon,* the petitioners argued that Arizona's double jeopardy clause barred successive prosecutions or punishments for conduct that had already been prosecuted or punished, even when the subsequent prosecution is brought for an offense containing at least one separate element than the previously prosecuted or punished violation. In other words, the petitioner asked the Arizona court to return to the *Grady* "same conduct" test under the Arizona constitution.

Here, appellant also asks us to return to the "same conduct" test found in *Grady v. Corbin* although the offense of DWI contains at least one separate element than the offense of speeding. The Arizona court of appeals held that because it ordinarily interprets its double jeopardy clause in conformity to the interpretation given by the United States Supreme Court to the same clause in the federal constitution, it saw no reason to deviate from that policy of uniformity of interpretation.

### D. Practical Policy Considerations

■ The double jeopardy clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 164–65, 97 S.Ct. 2221, 2224–25, 53 L.Ed.2d 187 (1977). Double jeopardy, unlike due process, is not an evolving concept. *Gore v. United States,* 357 U.S. 386, 392, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405 (1958). Every new construction or expanded interpretation of double jeopardy does not represent progress. Balance in the trial process between defense and prosecution gives greater promise of achieving a true result than tilting the scale to the defense for the exigencies of the moment.

Prior to *Grady v. Corbin,* Texas courts relied on the *Blockburger* test to ascertain whether a prosecution was barred by the double jeopardy provisions of our State constitution. *Humphreys v. State,* 565 S.W.2d 59, 62 (Tex.Crim.App.1978). With the demise of *Grady,* we see no reason to depart from that policy of uniformity of interpretation. Therefore, we decline to find that an expanded concept of double jeopardy prevails

in Texas. We affirm the denial of Parrish's application for writ of habeas corpus.